EMIL R. THIEFES, administrator *cum testamento annexo* of Gertrude Loewendahl, deceased,

*v.*

JOSEPH MASON, executor &c. of Israel Loewendahl, deceased.

1. An executor derives his power from the will, and not from its probate. He may dispose of the property of the testator before probate.

2. An executor who does not prove the will of his testator, but disposes of his personal property otherwise than as directed by the will, is responsible to the legatees of the testator for this conversion, and his executor or adminis-

Thiefes v. Mason.

trator is likewise responsible to such legatees, but not to the administrator *cum testamento annexo* of the first testator.

3. A bill filed for the recovery of definitely-ascertained sums of money and showing no occasion for an accounting, no breach of trust, fraud or other element of equity jurisdiction, will be dismissed on the ground that adequate remedy exists at law, where the answer of the defendant prays, on this ground, the same relief as if he had demurred.

4. And on such a prayer in the answer, if it appears by the proofs that the sum recoverable is less than $50, the bill will be dismissed at final hearing.

------

On bill, answer, proofs &c.

Joseph Loewendahl and Gertrude Loewendahl, were man and wife. Gertrude died in 1885, leaving Israel her surviving, but without any issue. Her heirs-at-law and next of kin were her brothers and sister, none of whom are parties in this suit. Gertrude left a will dated December 19th, 1884, whereof she appointed her husband and brother Charles executors. On her death, her husband took possession of whatever property, real and personal, she left, and, among other things, of her will and other papers. He survived his wife and died in 1894.

Gertrude's personal property consisted in great part of a share in her parents' estate, which, by her will, she gave to her husband during his life, and on his death, one-half to her brother Charles, the other to be divided among her other brothers and sister. She also left some jewelry, books, a piano and some household furniture. These also she gave to her husband for life, and on his death to her brother Charles.

Israel Loewendahl did not prove Gertrude's will, nor did the other executor. He took possession of the property and received several hundred dollars (reichsmark), in 1889, through a firm of bankers, from the representatives of the estate of Gertrude's parents. Israel died in 1895, testate, the defendant, Joseph Mason, being the executor of his will. After Israel's death, Gertrude's will was probated by the complainant, who took out letters of administration with the will annexed.

The complainant files this bill as administrator with the will annexed of Gertrude Loewendahl, sole complainant, against

Joseph Mason, executor of the will of Israel Loewendahl, sole defendant, setting out the will of Gertrude, and alleging that Israel had used and disposed of part of Gertrude's personal property, and that some of it was sold and converted by the defendant as executor of Israel's will since his death.   The complainant also alleges a demand made upon the defendant for $500, the money paid to Israel in 1889, and for $150, the value of Gertrude's other personal property.   He states that the demand for payment of the $500, with interest, was agreed to by the defendant under authorization by letters from the parties interested in Israel's estate, but that the defendant now insists that he cannot pay without the protection of a decree.   The complainant prays discovery, and that the defendant may be decreed to pay him the $500, and interest from the death of Israel, and the $150, with interest from the same date.

The defendant answers, praying the same benefit as if he had demurred because the complainant, if entitled to any relief, might have received it at law.   He admits that he has disposed of Israel's property ; that the proceeds are in his hands for distribution.   He also admits that demand was made upon him for the moneys referred to in the complainant's bill, and says he gave the complainant notice that his claim was disputed and to sue according to the statute.   He admits that he advised the payment of the two thousand reichsmark—the $500—provided that the payment should be in full discharge of all matters in dispute between parties interested in the two estates of Israel and Gertrude, and that the parties interested in the estate consented to the proposed settlement, but before any money was paid, they revoked the authority to settle, and since that time he has been without authority of the parties to make any payments. He admits that he sold the personal property he found at the residence of the testator, but he denies that the complainant is entitled to be paid the moneys he claims.

*Mr. Wheaton Berault,* for the complainant.

*Mr. William W. Benthall,* for the defendant.

GREY, V. C.

This cause came on for hearing at the same time as another between the same parties regarding the real estate of Gertrude Loewendahl, and it was in open court agreed that all the testimony taken should be deemed to be testimony in either cause, so far as applicable.

The correspondence submitted indicates that the defendant made an effort to obtain the consent of the beneficiaries under Israel Loewendahl's will to settle the claim of the complainant for the $500 which Israel had in his lifetime received and converted to his own use, but the evidence shows that before the attempted settlement was finally agreed upon the interested parties differed in their views, and the defendant gave notice that the claim was disputed.

The complainant sues as administrator *cum testamento annexo* for discovery and to recover a definite sum of money paid to the defendant's testator in his lifetime as, either, executor of the complainant's testator or as life tenant entitled to the enjoyment of it under her will, and also to recover the value of certain goods of the complainant's testator which it is shown the defendant's testator had received in his lifetime either as executor or as legatee for life. The sum of money and the goods were portions of the estate of the complainant's testator, and were proven to have been so converted by the defendant's testator in his lifetime (except the piano &c. hereinafter referred to)—that they no longer existed *in specie* at the time of the death of the latter.

As to the money received by Israel in his lifetime, there is no pretence of proof that it remained *in specie*, nor, indeed, was the money received by Israel ever the property of Gertrude in the form in which it came to him, for at her death, in 1885, it was a mere right or chose in action to receive a share of her parents' estate; this was so realized that in 1889, after Gertrude's death, it was satisfied by the remittance of the $472.29 to Israel. He used it as his own in his lifetime, and at his death it was either consumed or so mingled with his own estate as to be undistinguishable, and the defendant, Israel's executor, never received this fund in any identifiable shape.

The other personal property of Gertrude (except the piano &c. hereinafter dealt with) was likewise disposed of by Israel in his lifetime, and when his executor, the defendant, assumed charge of his property, none of her personalty (except as stated) could be in any way identified.

The complainant is the administrator *cum testamento annexo* of Gertrude. Israel, in his lifetime, was the executor of her will. He did not prove the will, but he was none the less executor. An executor may receive and dispose of the personal estate of the testator before probate. *Brazier* v. *Hudson, 8 Sim.* \*67; *Wankford* v. *Wankford, 1 Salk.* \*301. He derives his power from the will and not from the probate. *Comber's Case, 1 P. Wms.* \*768. It is only in order to assert his right to sue as executor that he must first have probated the will. *Humphreys* v. *Ingledon, 1 P. Wms.* \*753. When Israel converted the estate of his testatrix to other uses than those directed by the will, he became liable to the legatees for his wrongdoing, and they have a right of action against his executor to recover for the injury. The complainant in this case does not represent these legatees of Gertrude in any way. He is administrator *cum testamento annexo* of Gertrude. In this capacity he has authority to take the goods of the testatrix, but he has no power to recover for an injury done by his predecessor, the executor of the will, by disposing of or converting the estate of the testatrix. *Brownlee* v. *Lockwood, 5 C. E. Gr. 256*. For such a conversion of the estate of the testator the representative of the deceased executor must account to the legatees. *Carrick* v. *Carrick, 8 C. E. Gr. 367*. A very clear exposition of the principle on which this rule is based will be found in the opinion of the late Justice Bradley in the case of *Beall* v. *New Mexico, 16 Wall. 540*.

The letters on which the complainant sues are apparently those of immediate administration *cum testamento annexo*, and not those of limited administration *de bonis non administratis* by the executor. In actual fact, as appears in this case, there had been a partial administration by Israel Loewendahl, the preceding executor, though without proof of the will, and he had by his disposition of the testatrix's estate so converted a great

part of it that it no longer existed *in specie* as it had at her death. The form of the letters issued by the probate court does not alter the fact that there has been a partial preceding administration, by reason of which the complainant can only administer those goods &c. of Gertrude which remain not administered, nor can it deprive those legatees interested in Gertrude's estate of their direct right of action against Israel Loewendahl's executor because of the wrong he did them by his disposition of Gertrude's estate ; for it is obvious that the legatees and the new administrator cannot both have a right of action for the conversion by the executor. On the same form of administration with the will annexed the plaintiff sued in *Wankford* v. *Wankford, ubi supra,* seeking to enforce a claim against the heirs of a deceased executor, but the king's bench sustained the defendant, holding that the executor, who had partially disposed of the testator's goods, though without probate of the will, was, in fact and in law, executor of the will, and entitled to all the rights of an executor. Necessarily, such an executor became charged with all the responsibilities of the place, one of which was the liability to the legatees of his testator for his disposition of the estate. The representatives of the deceased executor are still liable to those legatees for this default, and his successor in the administration of the estate has no right to call on those representatives to account to him for the goods converted, or, technically stating it, administered. *Beall* v. *New Mexico, ubi supra.*

This leaves the claim for the piano, books and music the only further question in this case. These articles appear to have been a part of the personal estate of Gertrude Loewendahl which came to the hands of the defendant *in specie* as they existed at the time of Gertrude's death. The defendant sold them the piano for $15.70 and the books and music and a book-case for $2.50, making a total of $18.20. There is no other proof of the value of any of those articles than the prices at which they were sold when disposed of by the defendant, nor is there any indication that these prices were not their full value. The defendant has in his answer objected that the remedy of the complainant, if he had any, is in a court of law, and he now insists

that this court should not retain this bill to enforce a payment of so trivial a sum as $18.20. Lord Bacon's ordinance declaring that all suits under the value of £10 are regularly to be dismissed has been determined to be forceful in this state in several cases. *Swedesboro Church* v. *Shivers, 1 C. E. Gr. 453; Allen* v. *Demarest, 14 Stew. Eq. 164.*

The claim of the complainant is merely for the payment of money. There is no allegation of fraud or other element of equity jurisdiction which should induce the court to retain the further consideration of this case. The rule is based upon grounds of public policy and is intended to discourage litigations in this court which involve only unimportant and frivolous controversies. *Story Eq. Pl. \*500.* It was enforced at final hearing, when it appeared that the balance due to the plaintiff did not amount to £10, and the bill was dismissed, even where there was no demurrer. *Brace* v. *Taylor, 2 Atk. 253.*

The bill filed is apparently one for discovery and relief. The complainant, though asking for discovery, prays an answer without oath. An answer thus filed without oath may, as to its admissions, be evidence against the defendant who answers (*Hyer* v. *Little, 5 C. E. Gr. 443*), but when a complainant invites an answer without oath, he deprives it of any evidential quality for the defendant, under the operation of our statute. *Gen. Stat. p. 376 § 23; Sweet* v. *Parker, 7 C. E. Gr. 455.* So far as his bill invokes the aid of this court to obtain a discovery, this voluntary refusal by the complainant to credit the invited disclosures of the defendant would seem to be an abandonment of this element of jurisdiction. The other relief he asks is a decree for the payment of the sum of money, part of Gertrude's estate, disposed of by Israel in his lifetime as above described, and also the value of other personal property, part of which Israel disposed of in his lifetime, and the residue of which the defendant converted into money.

As to the property converted by Israel, it is to be taken to have been administered by him as above shown, and the right of action is not in the complainant. Irrespective of the view

above taken of his claims, there is no ground stated on which the jurisdiction of this court is necessary to give the complainant full relief. · The substantial right which the complainant asserts is the obligation of the defendant to pay him a definitely-known sum of money, and also for the value of certain known and named goods. No accounting is prayed, nor does any seem to be required, as the sums claimed are already ascertained. The courts of law, in a case of this character, have jurisdiction to give him full and adequate relief. The defendant in his answer alleged that the matters complained of are cognizable at law, and that the complainant is not in respect to them entitled to any relief in this court and prayed the same advantage as if he had demurred to the bill. *Dan. Ch. Pr. \*714 note, \*715.* At the hearing he insisted that as the only matters on which the complainant based his suit were merely claims for ascertained sums alleged to be due to the complainant, without the setting up of any fraud and breach of trust or need of an account or other ground of equity jurisdiction, he had a full, adequate and complete remedy by suit at law. I think this contention is justified.

The complainant, upon the view above expressed, has shown no ground which puts him in a position to invoke the jurisdiction of this court. I will advise that the bill should be dismissed.